Christopher CA Clack
(Name)

P.O. Box 799004
(Address)

San Diego, CA 92179
(City, State, Zip)

F988116
(CDC Inmate No.)



2254 _____ 1983 ✓
FILING FEE PAID
Yes _____ No ✓
IFP MOTION FILED
Yes _____ No ✓
COPIES SENT TO
Court ✓    Pros _____



FILED

APR - 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

Christopher Charles Alexander Clack
(Enter full name of plaintiff in this action.)

        Plaintiff,

v.

San Diego County Sheriffs Department
Deputy Latimer # 3275
Deputy Hoenig # 2840,

(Enter full name of each defendant in this action.)

        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

'08 CV 0624 IEG RBB

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, Christopher CA Clack,
(print Plaintiff's name)

_____, who presently resides at Donovan Correctional
(mailing address or place of confinement)

Facility _____, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at San

Diego Central Jail on (dates) 3-29-07, 3-29-07, and 3-29-07
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___Latimer #3275___ resides in ___San Diego County___,
          (name)                             (County of residence)
and is employed as a ___Sheriffs Deputy___. This defendant is sued in
                          (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: ___While employed as a Sheriffs Deputy, Latimer___
___did in unison with his peers commit the following acts___
___as recorded on the central facility's closed circuit camera___

Defendant ___Hoenig # 2840___ resides in ___San Diego County___,
          (name)                             (County of residence)
and is employed as a ___Sheriffs Deputy___. This defendant is sued in
                          (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: ___while employed as a Sheriffs Deputy Hoenig___
___did in unison with his peers commit the following acts___
___as recorded on the central facilitys closed circuit camera___

Defendant _____ resides in _____,
          (name)                             (County of residence)
and is employed as a _____. This defendant is sued in
                          (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

Defendant _____ resides in _____,
          (name)                             (County of residence)
and is employed as a _____. This defendant is sued in
                          (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Freedom from cruel and

(E.g., right to medical care, access to courts,

unusual punishment

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 1.]

San Diego, California

All following acts of cruel and unusual punishment have been recorded and saved on vidio camera and will be subpoenaed as evidance upon court order.

While hand cuffed behind the back, chained at the ankles and after being completly restrained and unable to move by Deputy Latimer and Deputy Hoenig with four other deputies present and promoting retaliation at 5:40pm in the sally-port of the central facility jail the following took place.

Deputy Latimer angrily lifted the plantiff into the air while Hoenig and four other deputies cheered him on, then threw the plantiff to the floor. Deputy Latimer not yet satisfying his peers then picked the plantiff up higher into the air then again threw him to the floor. Unable to catch himself both blows were absorbed by the face, sholder and pelvis. Deputy Latimer then mounted the victims back and began slamming his head into the texturized floor until Mr. Clack's chin was completly split to the bone. After the Deputies began laughing Deputy Latimer now satisfyed caught his breath.

A list of 50+ whitnesses is availible upon subpoenas.

§ 1983 SD Form
(Rev 4/06)                                    3

Count 2:  The following civil right has been violated: deliberate indiference

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

On 3-29-07 at the central facility Jail in Downtown San Diego California, Deputy Latimer did purposly commit the following acts to deprive inmate Clark of medical treatment.

At approxamitly 6:00pm the jail-house nurse informed deputy Latimer and an unidentified Sgt. that Christopher Clark needed imediate emergeny attention that would have to be pretormed at a hospital. Deputy Latimer under the Sgts watch them instead of taking Clark to the hospital, locked Clark in a Cell for an hour and left work at 7:00pm. At approxamatly 8:00 pm the next shift of deputies found Mr. Clark in the holding tank bloodied and bleeding and at that time rushed him to the emergency room at UCSD hospital in Hillcrest. Clarks medical needs were neglected, after being assesed, for two hours. This resulted in unnessasary pain and suffering.

Count 3:  The following civil right has been violated: _freedom of association_

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, _by name_, did to violate the right alleged in Count 3.]

Deputy Hoenig was present at the Central Jail in Downtown San Diego at 5:40 pm with Latimer. He had a duty as a Sheriff to rescue an innocent victim from his peer, instead Deputy Hoenig stood watch as an aider and abetter and even prevented other inmates from rescuing Mr. Clark. Deputy Hoenig cheered his partner Latimer on and Christopher Clark was in fear for his life because of the vulnerability of himself, being fully restrained he could not protect himself. It was the Deputy's duty to protect him and instead Hoenig proved indiferent and choose the side of evel. Deputy Hoenig choose to associate himself as an aider and abetter to all crimes of cruel and unusual corporal punishment.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised: _____

_____

_____

_____

_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

① Inter Departmental Remedies:        ④ County Claim Submited
   A. Grievance to Deputy "lowest level"    and recieved
   B. Grievance to Deputy Sergeant     ⑤ Right to Sue Issued
   C. Grievance to Deputy Leutenant       from San Diego County
   D. Grievance to Deputy Captain
   E. Internal Affairs Complaint
② Citizens Law Enforcement Review Board Complaint
③ Grand Jury Complaint

**E.  Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): from any direct contact with inmates and further "use's of force" at any facility.

    2. Damages in the sum of $ 50,000.⁰⁰

    3. Punitive damages in the sum of $ 75,000.⁰⁰

    4. Other: _____

**F.  Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G.  Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

2-13-08
Date

Christopher J. Cooks
Signature of Plaintiff

Christopher C.A. Clack vs San Diego Sheriffs
Department

I am am inmate at George Bailey Detention Facility whohas been a victim of
cruel and unusual corporal punishment. I have given several grievance
compaint forms; some of which several Deputies refused to sign, internal
affiar complaintforms and three "Writs of Habeus Corpus" to the respective
athorities. After my first complaint I was put in segregated housing "the
hole" for  several days and denied any telephonic communication. After my
second I was putin segregated housing for fifteen days under the same
conditions. This all esculated from a March 29, 2007 "Use of Force" when
I refused to throw away my dinner that I was handed two minuts prior. At
that time, Deputy Latimer(3275), under Deputy Hoenig's order,grabed me
put me against the wall and placed hinged hand cuffs,one right side up
and the other upside down, on me after threatening to break my arm. He then
placed leg chains on me. While both my feet were being held. by Latimer
inmid air,the other Deputies in black uniforms began diving orders for the
other fifty inmates to face the opposite direction. Deputy Latimer and
Hoenig's report (exibit A) reflect the above mentioned events without
the true and brutaldetails. Their reports also fail to record how I ended
up in the emergency room more than two hours after emergency medical
attention was ordered by the facility nurse. While the deputies in black
were diverting the otherinmates attention Deputy Latimer working in co-
ersion with the other Deputies lifted me into the air then threw me to
the floor. Ibegan to cry out hoping some one would stop this or at least
"be a witness". Deputy Latimer then picked me up and put me back against
the wall. He wispered in my ear "have you had enough?" I told him "your
here to protect not to punish". He picked me up again, this time higher
and threw me to the floor busting my chin wide open to the bone. When I
began yelling for help Deputy Latimer kneed me in the back and began slam-
ming my head against the ground until blood began running from my chin.
At this point Latimer made a joke to the group of deputies about my bleeding
chin and his peers began laughing. I was takento medicalwhere Deputy Latimer
removed my hand cuffs and challenged me to a fight. I saw a Sergeant standing
near and asked him to interceed, he smiled and shook his head. Deputy Latimer
came closer and pushed me and   still the Sergeant did nothing. The nurse came
and Latimer began joking, about what he did, with the Sergant. The nurse
said "heneeds to go out" and I was then hidden by Latimer in a cell and left
for the next shift to find. After filling the first two grievances I began to
recieve threats to stay quiet about the incident but I couldent I cried out to
anyone who would listened and I was punished severly.
I went back to court on April 4, 2007 _____ Deputy Latimer was working
and when he saw me he entered the holding tank and began pushing me into
the wall, bench and other inmates. The other inmates began to protest his
behavior and he took me to a long hall with no camera's and told me he would be
back. I made a decision then that I would expose this coruption.
Again on April 9, 2007(exibit B) I returned to court and from the moment Deputy
Hoenig saw me he began his attack's. He separated me into a single holding tank
sounding off orders as if I were a dog. He brought other deputies over to show
them what they had done as if my scares were plaques. When I came from court at
9:30 am the Deputies locked me in a cold single cell and instead of letting me
return with my co-defendants at 11:00 am I was held until 4:30 pm. In that time
Deputy Hoenig wrote an incident report stating that I made "inflamatory and
disrespectful remarks" and without a disiplinary hearing I was thrown in the
"hole" again.  Deputy  Hoenig knew his accusations were false when I asked him
about any one who might have heard this other than himself. He then drated a
second copy of his report (exibit C) adding a ficticious witness. I tried to

appeal Sgt. Espinoza's dicision to Leutenant Birdsong(exhibit D) and (exhibit E) who distroy
ed thecopies of my grievance's and told Espinoza to handle it. (exhibit F) I wrote another
grievance and Sgt. Espinoza placed me in "greens" (exhibit G) the color for inmates facing
life, prone to escape or who are violent. I an none of the above. Upon recieving my
grievance Lt. birdsong wrote me a letter stating "you may have" given me the grievance
"I just dont recall" "mabe Espinoza can shed some light on it's where abouts" "all I know
is I dont have it." He then called me on April 30, 2007 and said I had no grievances logge
d in the computer. Since then I began telling my lawyer everything and saving all paper-
work. But the Sheriffs Department knew this so they began reading my leagal mail and
every letter I have mailed in regards to thees events has dissapeard. On one occasion I
caught Deputy Van Dorn attempting to seal an envelop without its contents, (exhibit H)
its contents being letters to the courts about my treatment, that letter was never receive
d.  I continue to be threatened by the Sheriffs deputeis who have filled paperwork to
comit me to "the hole" for the remainder of my stay. The Segragated Housing order alleges
that I have " a propensity for violence towards other inmates and or staff, yet neither in
mate nor staff has alleged any violence on my behalf. I have tried to file complaints
with Internal Affairs who rebuffed my claims, the CLERB, grand jury and UCLA. I have
spoken with a Captain who recomended legal action but warned of the dangers of pursuing a
case against Sheriffs Capt. Pina. I have no where to turn and I am still in the custody
of these predators please take interest so that I won't become a nother statistic lost
in the system.


Witnesses:
            Derek Harrel 6460255
            Trayton Landroche 7721208
                    and the 50 inmates present for court
                    on 3-29-07


                                    Christopher C.A. Clack

                                    X Christopher C.A. Clack

                                    origionaly on 7-19-07

## COMPLAINANT

| COMPLAINANT NAME | Christopher C. Clack |
|---|---|
| MAILING ADDRESS | 446 Alta Road, Ste 5300<br>San Diego, CA 92158 |
| PHONE # (Home & Work) | |

| SEX: M | ETHNICITY: B | | DOB: 01/29/1985 | DL, ID or BK: 6441423 |
|---|---|---|---|---|

| NAME & ADDRESS OF AGGRIEVED (If other than complainant) | |
|---|---|
| IF IN CUSTODY, FACILITY & DATE OF RELEASE | George Bailey Detention Facility |
| OUT OF CUSTODY ADDRESS & PHONE | Grandmother - Marie Weekly     2304 NW 114th st<br>405-751-4012   405-427-7922    Oklahoma City, OK 73120 |

## INCIDENT CAUSING THIS COMPLAINT

| LOCATION OF INCIDENT | San Diego Central Jail | |
|---|---|---|
| DATE OF INCIDENT | 03/29/2007 | RACE OR GENDER ISSUE? [] |

| ACCUSED NAME, BADGE # & ASSIGNMENT (Use extra sheets, if needed.) | Deputy Hoenig, #2840       San Diego Central Jail<br>Deputy Latimer, #3275       San Diego Central Jail<br>Unknown Sergeant<br>Sergeant Espinoza, #4418   George Bailey Detention Facility<br>Deputy Van Dorne, #4925    George Bailey Detention Facility<br>Unknown   Deputy            George Bailey Detention Facility |
|---|---|
| WITNESS NAME, ADDRESS, # (Use extra sheets, if needed.) | Derek Harrel 6460255            Robert Martello<br>Trayton Landroche  7721208  8814 lance ave |

Luther Brown F50610-Donovan                    Spring Valley Ca 91977
7745336    **COMPLAINANT – GO TO NEXT PAGE>>>>>**

## CLERB STAFF USE ONLY

| LODGE DATE | 07-16-07 | FILE DATE | | CASE NUMBER | 07-069 |
|---|---|---|---|---|---|
| INTAKE INV | J.E. | HOW RECEIVED | Telephonically | | |

| INJURIES CLAIMED [X] | INJURIES VISIBLE [] | DRUG OR ALCOHOL RELATED [] |
|---|---|---|
| MEDICAL RELEASE SIGNED [] | PHOTOS TAKEN [] | OTHER WAIVERS SIGNED [] |

## ALLEGATIONS

| X | Excessive Force (EF) | | Discrimination or Sexual Harassment (DC) |
|---|---|---|---|
| | Improper Discharge of Firearms (IDF) | | Illegal Search or Seizure (ISS) |
| | False Arrest (FA) | X | False Reporting (FR) |
| X | Criminal Conduct (CC) | X | Misconduct (M) |

Misconduct Sub-categories:
Discourtesy    (Harassment)    (Intimidation)    Medical    (Procedure)    (Retaliation)    Truthfulness

## STAFF COMMENTS

M/P

## HOW DID COMPLAINANT LEARN ABOUT CLERB?

| (Other) Citizen/Inmate | Prior Complainant/ Witness | (Other) Department Referral | CLERB Information Brochure | CLERB Website | Other Public Information | Unknown/ Declined to State |
|---|---|---|---|---|---|---|
| | | | | | | |

## DESCRIPTION OF INCIDENT
**(Attach additional sheets. Number pages as needed and sign bottom of each added page.)**

The following statement was obtained on July 16, 2007 during a telephonic interview with the complainant, paraphrased by Special Investigator Julio Estrada.

On March 29, 2007, after a day in court, the complainant, along with approximately 50 other inmates, was at the San Diego Central Jail before being returned to George Bailey Detention Facility, where he is housed. They arrived at the Central Jail as dinner was being served. The complainant said he was the last one to enter the Holding ~~dining~~ room. By the time he was able to pick up his food tray and sit down to eat, deputies ordered all the inmates to finish their meals and to get ready to board the bus for George Bailey.

As the complainant started to eat rapidly, Deputy Hoenig approached him and told him to stop eating and to board the bus immediately. The complainant said he argued with Deputy Hoenig and stated that as in inmate he had a right to eat.

was told by Dep. Hoenig
Because he ~~knew~~ he would not be able to eat when he got to the detention facility and despite repeated orders from Deputy Hoenig, the complainant said he continued to put food in his mouth, disobeying Deputy Hoenig's orders. At this point, Deputy ~~Hoenig~~ Latimer (3275) and he dragged the complainant out of the ~~dining~~ holding room into the sally port of the Hall befor the jail and pushed him against a wall. He summoned Deputy Latimer, ~~who~~ "yanked" the complainant from where he was standing and threw him to a wall. The complainant objected to his treatment by Deputy Latimer, but Deputy Latimer yelled at him to "shut up." Both deputies handcuffed the complainant and told the complainant, "Shut up, or I'll break your arms." The complainant was handcuffed with hinged handcuffs, one arm right side up and the other up side down.
He also had chains placed around his ankles.
which placed his arms in a strained position with his arms behind his back. He was then repeatedly thrown to the ground by Deputy Latimer while handcuffed. There were approximately fifty other inmates in the area along with several officers dressed in black uniforms. All the inmates were ordered by the officers to turn around and not to look, or otherwise, the same thing would be happening to them.

The complainant stated that at this point he asked the other officers for help, but they all ignored him while Deputy Latimer continued to throw him against the wall and the floor and to push his head against the floor with his body weight. The complainant said the incident lasted anywhere from fifteen to thirty minutes, until

| SWORN STATEMENT OF COMPLAINANT: I hereby certify that, to the best of my knowledge, and under penalty of perjury, the statements made herein are true. | | |
|---|---|---|
| Signature | Print Name | Date |
| Christopher [signature] | Christopher CA Clack. | 7-19-07 |

Page __ of __

# DESCRIPTION OF INCIDENT
**(Attach additional sheets. Number pages as needed and sign bottom of each added page.)**

the complainant started to bleed from various areas of his face. At this point, Deputy Latimer pushed the complainant against a wall and from behind his back, he approached the complainant and in a mockingly voice chanted next to his ear, "Oh, look, he is bleeding now." The complainant said that Deputy Hoenig and the other officers started to laugh at the complainant.

The complainant was taken into the jail infirmary, where he was seen by a nurse. Due to the severity of the injuries, the nurse asked the deputies to transfer the complainant to the University of California San Diego (UCSD) Medical Center for treatment. Deputy Latimer ~~made~~ *took* the complainant ~~wait in a standing-up position~~ *to a holding cell and left him* ~~until the ambulance arrived.~~ *their until he was found by the next shift.* While waiting, and in front of an unknown sergeant, Deputy Latimer challenged the complainant to a fist fight, placing his face in close proximity to the complainant's face. The complainant asked the unidentified sergeant for help, but the sergeant replied "no" and looked the other way.

After he was treated at UCSD, the complainant was transferred to George Bailey Detention Facility. He was written up for "disrespecting staff" and was given five days in isolation as punishment for the jail incident. During the write-up process, Sergeant Espinoza denied the complainant a disciplinary hearing.

The complainant filed grievances about the jail incident and the denial of a disciplinary hearing and contacted Internal Affairs for the same issues. The complainant was later wrongly accused by ~~an unknown deputy~~ *Deputy Hoenig* of insulting another deputy. He was written up for a second instance of disrespecting staff. The complainant feels that this second write-up was in retaliation for filing grievances and contacting Internal Affairs. As a result of *After being denied a disiplinary hearing by Espinoza. For this offense he recieved twelve days.* the second write-up, he was placed in isolation a second time. The complainant stated he filed a grievance *by Lt. Birdsong* related to the second write-up, but the grievance has not been answered. He has been told that the grievance document was lost or never received. The complainant said he has copies of these documents.

The complainant states that he now fears for his life and wrote family members to notify them of his situation, but his mail has been lost. He also attempted to send confidential letters to his lawyer in sealed envelopes labeled "legal mail," but Deputy Van Dorne did not allow him to seal the envelopes and read the contents. The complainant said the letters have not reached his lawyer. The complainant also wrote Sheriff Kolender, but Deputy Van Dorne pulled the letter and placed it in a container for disposal.

**SWORN STATEMENT OF COMPLAINANT:** I hereby certify that, to the best of my knowledge, and under penalty of perjury, the statements made herein are true.

| Signature | Print Name | Date |
|---|---|---|
| Christopher CA Clark | Christopher CA Clark | 7-19-07 |

# SAN DIEGO SHERIFFS DEPARTMENT

### Incident Report

Exibit (A)



On 03-29-07, at approximately 1740 hours, I was working as the First Floor Courts Deputy at San Diego Central Jail (SDCJ) when Inmate Christopher Clack (BKG# 6441423) refused to exit Transfer Holding Cell #1 to board a bus returning inmates to George Bailey Detention Facility.

All other inmates had completed eating their evening meal and exited the cell except for Inmate Clack. Clack's food appeared to be untouched. When I directed Clack to come to the cell door he refused, saying he hadn't finished eating yet. I advised Clack that there was no more time for him to eat and that he must exit the cell so we can continue to load inmates onto buses headed throughout the county. Clack came to the holding cell door with his meal in his hand. I advised Clack that he would not be able to bring his meal onto the bus. I asked him to set the meal down and exit the cell. Clack refused.

I told Clack, "Sir, at this point I am not asking you. I am telling you - Put the food down and exit the cell." Clack refused to comply. I stepped into the cell and attempted to remove the Styrofoam food tray from Clack's hand. Clack pulled back on the tray and out of my grip. I placed my right hand on Clack's upper left arm and attempted to use arm guidance to escort Clack out of the cell. Clack twisted his upper body and pulled free from my grip.

Deputy Latimer (3275) escorted Clack out of Transfer Holding Cell #1 and into the hallway where the other inmates were being chained up. Clack refused to follow Deputy Latimer's instructions to face the wall. Clack repeatedly turned away from the wall and attempted to face Deputy Latimer. Deputy Latimer gave Clack verbal commands to place his hands behind his back. Clack refused to comply.

Deputy Latimer attempted to place leg chains on Clack. Clack refused to follow Deputy Latimer's verbal commands while being leg chained. I observed Clack tense his leg muscles to prevent his legs from being chained. Clack was involved in a USE OF FORCE. See booking jacket for details.

Clack's behavior was in violation of:
Rule 102☐Inmates shall obey staff instructions.
Rule 701☐Delaying jail operations.

As an inmate charged with a violation of San Diego County Detention Facility Services rules and regulations referred to the Disciplinary Hearing Officer for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Disciplinary Hearing Officer.

2. If you are illiterate or unable to represent yourself, you have the right to have a full-time member of the staff who is reasonably available to represent you before the Disciplinary Hearing Officer.

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to present a statement or to remain silent.  Your silence may be used to draw an adverse inference against you.  However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be advised of the Disciplinary Hearing Officer's decision and the facts supporting the decision in writing.

6. The right to appeal the decision of the Disciplinary Hearing Officer by means of the grievance procedure within 10 calendar days once notified of disposition.

7. You also have the right to an immediate hearing before the Disciplinary Hearing Officer if you sign a waiver.

On 04-05-07 and on 04-09-07, Inmate Christopher Clack (BKG#6441423) arrived at San Diego Central Jail for court appearances in San Diego Superior Court. Both times Clack has displayed disruptive and disrespectful behavior and delayed jail operations.

Clack became involved in a USE OF FORCE with court deputies at San Diego Central Jail on 03-29-07 for similar behavior and his refusal to follow deputies' instructions (See incident #74005532).

Clack continues to make inflammatory and disrespectful remarks towards deputies, repeatedly making remarks such as, "Fuck you, punk ass bitch, and "You are a bunch of fucking liars anyway."

Clack will not follow deputies' instructions without being told repeatedly to do so. Clack's behavior continues to delay jail operations at every contact with him.

This rule violation report is being written to document Clack's continued inappropriate behavior.

Clack's behavior is in violation of:
Rule 101        Disrespect towards staff
Rule 102        Inmates shall obey staff instructions.
Rule 701        Delaying jail operations.


As an inmate charged with a violation of San Diego County Detention Facility Services rules and regulations referred to the Disciplinary Hearing Officer for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Disciplinary Hearing Officer.

2. If you are illiterate or unable to represent yourself, you have the right to have a full-time member of the staff who is reasonably available to represent you before the Disciplinary Hearing Officer.

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be advised of the Disciplinary Hearing Officer's decision and the facts supporting the decision in writing.

6. The right to appeal the decision of the Disciplinary Hearing Officer by means of the grievance procedure within 10 calendar days once notified of disposition.

7. You also have the right to an immediate hearing before the Disciplinary Hearing Officer if you sign a waiver.

# SAN DIEGO SHERIFFS DEPARTMENT

## Incident Report

On 04-05-07 and on 04-09-07, Inmate Christopher Clack (BKG#6441423) arrived at San Diego Central Jail for court appearances in San Diego Superior Court. Both times Clack had displayed disruptive and disrespectful behavior and delayed jail operations.

Clack became involved in a USE OF FORCE with court deputies at San Diego Central Jail on 03-29-07 for similar behavior and his refusal to follow deputies' instructions (See incident #74005532)

Clack continues to make inflammatory and disrespectful remarks towards deputies, repeatedly making remarks such as, "Fuck you, punk ass bitch, and "You are a bunch of fucking liars anyway."

Clack will not follow deputies' instructions without being told repeatedly to do so. Clack's behavior continues to delay jail operations at every contact with him. SDCJ Court Deputy Silva (2922) is an additional witness to Clack's behavior.

This rule violation report is being written to document Clack's continued inappropriate behavior.

Clack's behavior is in violation of:
Rule 101☐Disrespect towards staff
Rule 102☐Inmates shall obey staff instructions.
Rule 701☐Delaying jail operations.

Clack was served with a copy of the rule violation report at 1115 hrs on 04-09-07. Clack refused to sign the 24 hour waiver.

As an inmate charged with a violation of San Diego County Detention Facility Services rules and regulations referred to the Disciplinary Hearing Officer for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Disciplinary Hearing Officer.

2. If you are illiterate or unable to represent yourself, you have the right to have a full-time member of the staff who is reasonably available to represent you before the Disciplinary Hearing Officer.

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be advised of the Disciplinary Hearing Officer's decision and the facts supporting the decision in writing.

6. The right to appeal the decision of the Disciplinary Hearing Officer by means of the grievance procedure within 10 calendar days once notified of disposition.

7. You also have the right to an immediate hearing before the Disciplinary Hearing Officer if you sign a waiver.

Officers who refused to sign Grievances:

D. Hollins
V. Shevelski
   Rowlings
K. Floquet



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE FORM
## FORMA DE QUEJA DE PRESO

☐ SDCJ   ☐ DDF   ☒ GBDF   ☐ EMDF   ☐ LCDF   ☐ SBDF   ☐ VDF

From:   Clarky Christopher, Charles ___ 6441423 ___ 4sm SC
De:    Name (Last, First, Middle)   Booking Number   Housing unit
       Nombre (Ultimo, Primero, Segundo)   Número de ficha   Unidad de alojamiento

Grievance is about:   ☒ Jail Procedures   ☐ Jail Conditions   ☐ Medical   ☐ Other
La queja es acerca de:   Procedimientos de la Cárcel   Condiciones de la Cárcel   Médico   Otro

Date and Time of Incident:
Fecha y hora del incidente:   4-9-07   2200 hrs

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesiario)

On this day, Sgt. Espinoza refused said inmate
1) the right to call witnesses on his behalf
2) the right to disiplinary hearing
3) the right to be advised of Disiplinary Officers decision
After refusing these rights said inmate was left in the
hole for twelve days and is still waiting for disiplinary
Officers division to be made know to him with the
supporting facts.

Christopher M Clark ___ 5-02-07
Inmate Signature ___ Date
Firma de Preso ___ Fecha
            BOX BELOW IS FOR OFFICIAL USE ONLY

Received by: _____ 6353 5/6/07 1180
          Signature of receiving staff member   ARJIS #   Date   Time

Entered in JIMS: _____
          Date   Time   JIMS Grievance Number

Routed to: _____
          Print name of individual or unit   Date   Time

☐ This is not a grievance:   ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                             ☐ This is an appeal of discipline—JIMS Incident #
                             ☐ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22  (Rev 6/04)     Original goes to booking jacket     Copy goes to inmate after being signed by staff member



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE FORM
## FORMA DE QUEJA DE PRESO

☐ SDCJ   ☐ DDF   ☐ GBDF   ☒ EMDF   ☐ LCDF   ☐ SBDF   ☐ VDF

From:   Clack, Christopher, Charles          6441423          5C
De:     Name (Last, First, Middle)          Booking Number     Housing unit
        Nombre (Ultimo, Primero, Segundo)   Número de ficha    Unidad de alojamiento

Grievance is about:    ☒ Jail Procedures       ☐ Jail Conditions      ☐ Medical   ☐ Other _____
La queja es acerca de:   Procedimientos de la Cárcel  Condiciones de la Cárcel  Médico      Otro

Date and Time of Incident:
Fecha y hora del incidente:    4-9-07   2206

Describe the reason for your grievance in your own words. Please be specific. (*Use additional sheets if necessary*)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)

"Right six" on SDSO Incident Report is "The right to appeal the decision of Disciplinary Hearing officer by means of the grievance procedure within 10 calendar days once notified of disposition." I was notified by Lieutenant Click on May 4, 2007 since Espinoza refused to give me paper work or a disiplinary hearing. The only thing I was given was paper work from earlier incident dated 3-29/31-07. I was cooperative with espinoza giving him the names of several witnesses including Silva 2922 who is a Deputy, Luis Barboza and Joshua Saucedo who, I told him, were housed in the medical tank. In addition I wrote a grievance about this incident while in 5A and sgt. Espinoza did not log it or answer it after the copy was given to him by Lt. Birdsong. I would like to purchase commisary on the 8 day of May 2007.

Christopher Clack                    5-8-07
Inmate Signature                     Date
Firma de Preso                       Fecha

### BOX BELOW IS FOR OFFICIAL USE ONLY

| | | | |
|---|---|---|---|
| Received by: | _____ Signature of receiving staff member | 4629 ARJIS # | 5-06-07 Date    1605 Time |
| Entered in JIMS: | _____ Date    _____ Time | _____ JIMS Grievance Number | 5-6-07   16:15 |
| Routed to: | _____ Print name of individual or unit | _____ Date | _____ Time |

☐ This is not a grievance:   ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                             ☐ This is an appeal of discipline—JIMS Incident # _____
                             ☐ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22  (Rev 6/04)      Original goes to booking jacket        Copy goes to inmate after being signed by staff member



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE FORM
## FORMA DE QUEJA DE PRESO

☐ SDCJ    ☐ DDF    ☐ GBDF    ☐ EMDF    ☐ LCDF    ☐ SBDF    ☐ VDF

From:  Clark, Christopher, Charles    6441423    SC
De:    Name (Last, First, Middle)    Booking Number    Housing unit
       Nombre (Ultimo, Primero, Segundo)    Número de ficha    Unidad de alojamiento

Grievance is about:    ☒ Jail Procedures    ☐ Jail Conditions    ☐ Medical    ☐ Other _____
La queja es acerca de:    Procedimientos de la Cárcel    Condiciones de la Cárcel    Médico    Otro

Date and Time of Incident:
Fecha y hora del incidente:    April 30, 2007   1300 hrs

Describe the reason for your grievance in your own words. Please be specific. (*Use additional sheets if necessary*)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)

On this day Lt. Birdsong informed said inmate
that a grievance that was given directly to him
on or about 4-21-07 concerning sgt Espinoza and Dept.
Latamire was not filled but given to Sgt. Espinoza
to do what he would like with it. After this the
grievance disapeared and no action has been taken. I
apealed to dept Lt. Birdsong for review and he took
no action.

_____    5-02-07
Inmate Signature    Date
Firma de Preso    Fecha

### BOX BELOW IS FOR OFFICIAL USE ONLY

Received by:  _____    0691    5/2/07    1115
              Signature of receiving staff member    ARJIS #    Date    Time

Entered in JIMS:  _____    _____    _____
                  Date    Time    JIMS Grievance Number

Routed to:  _____    _____    _____
            Print name of individual or unit    Date    Time

☐ This is not a grievance:    ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                              ☐ This is an appeal of discipline—JIMS Incident # _____
                              ☐ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22 (Rev 6/04)    Original goes to booking jacket    Copy goes to inmate after being signed by staff member




# San Diego County
# SHERIFF'S DEPARTMENT

## SEGREGATED HOUSING ORDER

☐ SDCJ     ☐ DDF     ☒ GBDF     ☐ EMDF     ☐ LCDF     ☐ SBDF     ☐ VDF

| INMATE NAME | Clack, Christopher | | BOOKING # | 6441423 |
|---|---|---|---|---|
| HOUSING UNIT | 5A Cell # 110 | CLASS CODE | INCIDENT # | 7406736 |
| DEPUTY NAME | | | ARJIS | |

### SEGREGATED HOUSING IS ORDERED AS SPECIFIED BECAUSE THE ABOVE INMATE:

☒ **ADMINISTRATIVE SEGREGATION**

　☒ Is pending a hearing or investigation for a rule violation or criminal act.

　☒ Has displayed a continual inability or unwillingness to conform to the minimum standards expected of those in mainline housing.

　☒ Has shown a propensity for violence towards other inmates and/or staff.

☐ **PROTECTIVE CUSTODY**

　☐ Has been determined by the medical staff to be developmentally and/or mentally disabled and whose concerns do not require treatment for disease, injury, or psychiatric disorder.

　☐ By virtue of his or her small size, advanced age, or other characteristic may be in danger of abuse from the mainline population.

　☐ Has been accused of a crime of a nature and sufficient publicity that would place him or her in physical jeopardy if housed in the mainline population, or is a material witness in a high profile case, or has ties with law enforcement.

　　☐ Segregated at request of inmate: _____
　　　　　　　　　　　　　Inmate must sign here only if he/she has requested the segregation.

| APPROVED BY: | [signature] | ARJIS | 4418 | DATE | 4-9-07 | TIME | 2150 |
|---|---|---|---|---|---|---|---|
| INMATE'S COPY DELIVERED BY: | [signature] | ARJIS | 4418 | DATE | 4-9-07 | TIME | 2158 |

**7-DAY REVIEWS ARE TO BE DOCUMENTED IN INMATE'S HISTORY IN JIMS**

J-72  REV 2/00





# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE FORM
## FORMA DE QUEJA DE PRESO

☐ SDCJ    ☐ DDF    ☒ GBDF    ☐ EMDF    ☐ LCDF    ☐ SBDF    ☐ VDF

From: Clack Christopher CA          6441423          5AC
De:    Name (Last, First, Middle)          Booking Number          Housing unit
       Nombre (Ultimo, Primero, Segundo)    Número de ficha          Unidad de alojamiento

Grievance is about:  ☒ Jail Procedures       ☐ Jail Conditions       ☐ Medical   ☐ Other _____
La queja es acerca de:  Procedimientos de la Cárcel  Condiciones de la Cárcel  Médico   Otro

Date and Time of Incident:
Fecha y hora del incidente:  4-17-07  2100

Describe the reason for your grievance in your own words. Please be specific. (*Use additional sheets if necessary*)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (*Use hojas adicionales si es necesario*)

On or about this date Dept. Van Dorn ~~was~~ collected the mail in modual 5A. I told him that I had legal mail and showed him the items before attempting to seal the envelop. Deputy Van Dorn instructed me to give him the envelop and prevented me from sealing it. He looked through the evelop and took the paperwork out and looked at it. He then attempted to close the envelope without the letter to Sheriff William Kolender inside. I yelled at him to correct this mistake. That letter was never recieved by my lawyer, or any one else it disapeared. Then on 5-13-07 Deputy Van Dorn opened a letter from my lawyer and looked at the contents. This violates my privacy and this behavior is against the law.

Inmate Signature                                    5-16-07
Firma de Preso                                       Date
                                                     Fecha
BOX BELOW IS FOR OFFICIAL USE ONLY

Received by: M.R. Fron       2427    5/17/07    1915
       Signature of receiving staff member   ARJIS #   Date   Time

Entered in JIMS: _____   _____   _____
                 Date     Time     JIMS Grievance Number

Routed to: _____   _____   _____
           Print name of individual or unit   Date   Time

☑ This is not a grievance:  ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                            ☐ This is an appeal of discipline—JIMS Incident # _____
                            ☑ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22 (Rev 6/04)     Original goes to booking jacket     Copy goes to inmate after being signed by staff member



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE FORM
## FORMA DE QUEJA DE PRESO

☐ SDCJ    ☐ DDF    ☒ GBDF    ☐ EMDF    ☐ LCDF    ☐ SBDF    ☐ VDF

From: Clock, Christopher, Charle"    6441423    5 C
De:    Name (Last, First, Middle)    Booking Number    Housing unit
Nombre (Ultimo, Primero, Segundo)    Número de ficha    Unidad de alojamiento

Grievance is about: ☒ Jail Procedures    ☐ Jail Conditions    ☐ Medical    ☐ Other _____
La queja es acerca de:  Procedimientos de la Cárcel  Condiciones de la Cárcel  Médico  Otro

Date and Time of Incident:
Fecha y hora del incidente: 03-29-07 1740

Describe the reason for your grievance in your own words. Please be specific. (*Use additional sheets if necessary*)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)

On this day I was restrained by chains around my
ankles and hand cuffs behind my back then beat
until blood ran from my chin This was done at
the downtown central jail by Deputy Latimer and
watched by about five other deputies. I also have
abrasions on my wrist, left and right and arm from
this incident.

This is a: safety hazard    A
unfair treatment by staff    B
disciplinary action imposed    D
corporal punishment
cruel and unusual punishment

Christopher A Clock    05-02-07
                       03-29-07
Inmate Signature    Date
Firma de Preso    Fecha

### BOX BELOW IS FOR OFFICIAL USE ONLY

Received by: _____    533    5/2/07    1120
                Signature of receiving staff member    ARJIS #    Date    Time

Entered in JIMS: _____    _____    _____
                    Date    Time    JIMS Grievance Number

Routed to: _____    _____    _____
            Print name of individual or unit    Date    Time

☒ This is not a grievance:  ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                            ☐ This is an appeal of discipline—JIMS Incident # _____
                            ☐ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22  (Rev 6/04)    Original goes to booking jacket    Copy goes to inmate after being signed by staff member



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE FORM
## FORMA DE QUEJA DE PRESO

☐ SDCJ   ☐ DDF   ☐ GBDF   ☐ EMDF   ☐ LCDF   ☐ SBDF   ☐ VDF

From: Clark, Christopher, Charles          6441423          SC
De:    Name (Last, First, Middle)          Booking Number    Housing unit
       Nombre (Ultimo, Primero, Segundo)   Número de ficha   Unidad de alojamiento

Grievance is about:   ☐ Jail Procedures      ☐ Jail Conditions    ☐ Medical   ☒ Other _____
La queja es acerca de:  Procedimientos de la Cárcel  Condiciones de la Cárcel   Médico       Otro

Date and Time of Incident:
Fecha y hora del incidente:  03-29-07    1740

Describe the reason for your grievance in your own words. Please be specific. (*Use additional sheets if necessary*)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)

On this day said inmate was restrained with chains around his ankles
and hand cuffs behind his back. Said inmate was then lifted
off the ground and slamed onto the floor. Inmate was then returned
to his feet in origional position. After inmates head was pushed
foward into the wall and orders were given for all other inmates
to face away, the said inmate was again lifted into the air
and slambed to the floor. The assalting officer Latimer 3275
then mounted the said inmates back with his knee running along
the inmates spine and pushed inmates ~~trid~~ head into the floor
This is a situation discribing Excessive use of force. The
Deputy used force after inmate was restrained, this then turned to
maliciouse and sadistic force intended to cause harm.

_____          5-02-07
Inmate-Signature                          Date
Firma de Preso                            Fecha

### BOX BELOW IS FOR OFFICIAL USE ONLY

| Received by: | _____ | 5850 | 05/02/07 | 1730 |
|---|---|---|---|---|
| | Signature of receiving staff member | ARJIS # | Date | Time |

Entered in JIMS: _____    _____    _____
                 Date            Time             JIMS Grievance Number

Routed to: _____    _____    _____
           Print name of individual or unit      Date      Time

☐ This is not a grievance:   ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                             ☐ This is an appeal of discipline—JIMS Incident #
                             ☐ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22 (Rev 6/04)        Original goes to booking jacket        Copy goes to inmate after being signed by staff member

3RD 6_____ or ___ Facility Commander



# San Diego County
# SHERIFF'S DEPARTMENT

# INMATE GRIEVANCE FORM
# FORMA DE QUEJA DE PRESO

☐ SDCJ    ☐ DDF    ☐ GBDF    ☐ EMDF    ☐ LCDF    ☐ SBDF    ☐ VDF

From: Clack, Christopher          6441423          5-15-07  SC
De:    Name (Last, First, Middle)    Booking Number    Housing unit
       Nombre (Ultimo, Primero, Segundo)    Número de ficha    Unidad de alojamiento

Grievance is about:  ☐ Jail Procedures    ☐ Jail Conditions    ☐ Medical  ☒ Other _____
La queja es acerca de:  Procedimientos de la Cárcel  Condiciones de la Cárcel  Médico  Otro

Date and Time of Incident:  3-29-07   1740
Fecha y hora del incidente:

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)

ON 3/29/07, I WAS ACCUSED OF DISOBEYING STAFF INSTRUCTIONS & DELAYING JAIL OPERATIONS. DEPUTY LATIMER (#3275) BECAME OVERLY AGGRESSIVE & THEN ABUSIVE IN HIS ATTEMPTS TO MOTIVATE ME TO COMPLY WITH HIS INSTRUCTIONS. LATIMER DEMONSTRATED SADISTIC PLEASURE AS HE INTENTIONALLY USED EXCESSIVE FORCE TO CONSTRAIN ME. EVEN AS I COOPERATED WITH LATIMER'S INSTRUCTIONS, HE BRUTALLY USED PHYSICAL PUNISHMENT IN AN ATTEMPT TO HURT ME. SUCH PUNISHMENT INCLUDED 2 FULL-FORCE BODY SLAMS, FACE FIRST, ONTO THE CONCRETE FLOOR, FOLLOWED WITH HIS KNEE BEING PRESSED, FORCEFULLY, AGAINST MY SPINAL COLUMN. ALL OF THIS BRUTALITY WAS ADMINISTERED AFTER MY HANDS & LEGS WERE CHAINED & RESTRAINED. SCARS & OTHER PERMANENT DAMAGE TO MY ARMS & HEAD HAVE BEEN DOCUMENTED BY THE UCSD MEDICAL CENTER EMERGENCY ROOM STAFF IN THE HILLCREST NEIGHBORHOOD OF SAN DIEGO. THE MEDICAL RECORDS FROM THAT INCIDENT WILL CLEARLY INDICATE THE EXTENT OF THE ABUSE I WAS SUBJECTED TO. ON 4/5/07 & ON 4/9/07, DEPUTY HOENIG HARASSED ME CONTINUALLY BY FORCING ME TO REMAIN AT THE DOWNTOWN COURTHOUSE UNTIL THE LAST BUS DEPARTED, INSTEAD OF BEING ALLOWED TO RETURN TO THE GBDF ON EARLIER BUSES WITH OTHER COURT ATTENDEES. ON THESE DATES, DEPUTY HOENIG CONTINUED THE DISCRIMINATORY TREATMENT OF ME BY ATTEMPTING TO MANUFACTURE DISCIPLINARY COMPLAINTS AGAINST ME. THESE SUPPOSEDLY NEW DISCIPLINARY INCIDENTS WERE IN FACT, THE VERY SAME 3/29/07 INCIDENT, MENTIONED ABOVE, WHEN I WAS ABUSED BY DEPUTY LATIMER. WHEN HOENIG REALIZED THAT HE DID NOT HAVE A WITNESS TO CORROBORATE HIS MANUFACTURED INCIDENT, HE DRAFTED A NEW VERSION OF HIS WRITE-UP AND ADDED THE NAME OF A SUPPOSED WITNESS TO HIS EMBELLISHED WRITE-UP. SERGEANT ESPINOZA DISCUSSED THE LATTER _____ WRITE-UPS WITH ME & ENCOURAGED ME TO SIGN A WAIVER BEFORE MY DISCIPLINARY HEARING. I REFUSED TO DO SO BECAUSE I WISHED TO GATHER WITNESSES TO SUPPORT MY CONTENTIONS ASSOCIATED WITH THE INCIDENT(S). APPARENTLY, IN A FIT OF FRUSTRATION, SGT. ESPINOZA DECIDED TO MAKE AN ILLEGAL, UNILATERAL SUMMARY JUDGMENT DECISION, REGARDING THIS UNRESOLVED "DISCIPLINARY INCIDENT". WITHOUT A FAIR DISCIPLINARY HEARING, ESPINOZA UNJUSTIFIABLY CONDEMNED ME TO BE CLAD IN GREEN CLOTHING, INSTEAD OF THE STANDARD BLUE INMATE CLOTHING. THIS PUNISHMENT WAS RETALIATION FOR MY EFFORTS TO DOCUMENT DEPUTY LATIMER'S UNLAWFUL BRUTALITY TOWARDS ME ON 4/29/07. TO DATE, THERE IS STILL NO DOCUMENTED REASON WHY I AM STILL BEING SUBJECTED TO WEARING GREEN CLOTHING. IT HAS BEEN INCORRECTLY STATED THAT THE REASON FOR MY GREEN CLOTHING IS FOR TWO (2) "USE OF FORCE" INCIDENTS. THE SOLE "USE OF FORCE" INCIDENT IN MY HISTORY IS THE CRUEL & UNUSUAL PUNISHMENT OF OUTRIGHT DEPUTY MISCONDUCT PERPETRATED AGAINST ME ON 3/29/07. AN EXAMINATION OF MY MEDICAL RECORDS FROM THAT DATE WILL VERIFY THAT MY EIGHTH AMENDMENT RIGHT, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, WAS CLEARLY VIOLATED.

5-15-07

_____          5-15-07
Inmate Signature                  Date
Firma de Preso                    Fecha

## BOX BELOW IS FOR OFFICIAL USE ONLY

| Received by: | _____ | 566 | 5/15/07 | BB |
|---|---|---|---|---|
|  | Signature of receiving staff member | ARJIS # | Date | Time |

Entered in JIMS: _____  _____  _____
                    Date            Time            JIMS Grievance Number

Routed to: _____  _____  _____
           Print name of individual or unit    Date            Time

☐ This is not a grievance;  ☐ This is an inmate request—resolve appropriately. (No entry in JIMS.)
                            ☐ This is an appeal of discipline—JIMS Incident # _____
                            ☐ This is a complaint against staff—handle appropriately. (No entry in JIMS.)

J-22 (Rev 6/04)    Original goes to booking jacket    Copy goes to inmate after being signed by staff member

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Christopher C. A. Clack

FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SENT TO

SD County Sheriff's Dept, et al

FILED
APR - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Christopher C. A. Clack
PO Box 799004
San Diego, CA 92179
F-98816

**ATTORNEYS (IF KNOWN)**

'08 CV 0624 IEG RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
  (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
**(For Diversity Cases Only)**

| | PT | DEF | | DEF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23  DEMAND $  Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE  Docket Number

DATE    4/4/2008    SIGNATURE OF ATTORNEY OF RECORD