```
 1  JOHN J. SANSONE, County Counsel
    County of San Diego
 2  By DAVID BRODIE, Senior Deputy (State Bar No. 156855)
    1600 Pacific Highway, Room 355
 3  San Diego, California 92101
    Telephone: (619) 531-4871
 4  Facsimile:  (619) 531-6005
    E-mail: david.brodie@sdcounty.ca.gov
 5
 6  Attorneys for Defendant Deputy William Latimer
 7
```

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHARLES ALEXANDER CLACK,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO COUNTY SHERIFFS DEPARTMENT; DEPUTY LATIMER #3275; DEPUTY HOENIG #2840,<br><br>　　　Defendants. | No. 08cv0624 IEG(RBB)<br><br>**DEFENDANT DEPUTY WILLIAM LATIMER'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Courtroom: B<br>　Honorable Ruben B. Brooks<br>**DEMAND FOR JURY TRIAL** |

Defendant Deputy William Latimer ("Defendant") files the following Answer to Plaintiffs Complaint:

　　1.　　The allegations in sections A ("Jurisdiction"), E ("Request for Relief"), F ("Demand for Jury Trial"), and G ("Consent to Magistrate Judge Jurisdiction") consist of statements of the lawsuit or jurisdiction, legal conclusions, request for relief, incorporations of previous paragraphs, or other matters that require no response from Defendants.

　　2.　　Defendant lacks sufficient information as to the truth of the allegations in paragraphs B.1., D.1., and D.2., and on that basis denies them.

///

///

3. As to the allegations in paragraph B.2., Defendant admits that he and Deputy Hoenig were employed by the County of San Diego as Sheriff's deputies at the time of the incidents alleged in Plaintiff's Complaint.

4. As to the allegations in Count 1 of section C, Defendant denies that Plaintiff was subjected to cruel or unusual punishment or to excessive force.

5. As to the allegations in Count 2 of section C, Defendant denies that he acted with deliberate indifference towards Plaintiff's serious medical needs.

6. As to the allegations in Count 3 of section C, Defendant denies that he violated Plaintiff's right to freedom of association.

## AFFIRMATIVE DEFENSES

### I

Plaintiff lacks subject matter jurisdiction over Defendant, and has failed to sue the proper party.

### II

Defendant is not liable for any failure to discharge mandatory duties in that he exercised reasonable diligence in the discharge of all duties as provided by section 815.6 of the California Government Code.

### III

Plaintiff himself acted unreasonably, carelessly, and negligently in and about the matters alleged in the Complaint, in that Plaintiff did not exercise ordinary care, caution, or prudence for his own safety and protection. These acts of unreasonableness, carelessness, and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if Defendant is found legally responsible to Plaintiff, then Defendant provisionally alleges that his acts or omissions were not the sole and proximate cause of Plaintiff's injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

## IV

Plaintiff has failed, refused, and neglected to reasonably mitigate his damages, which bars or diminishes any recovery.

## V

Defendant is not liable by operation of sections 815.2(b) and 820.2 of the Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

## VI

Defendant is not liable by operation of sections 815.2(b) and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

## VII

Defendant is not liable for any injury caused by an alleged failure to furnish or obtain medical care for a prisoner, by operation of section 845.6 of the Government Code.

## VIII

Defendant is not liable for any injury caused by or to any prisoner by operation of section 844.6 of the Government Code.

## XIV

Defendant is entitled to qualified immunity from liability under title 42, United States Code section 1983.

## X

The action is barred by the failure of Plaintiff to timely comply with the administrative claim provisions of section 945.4 of the Government Code.

## XI

The action is barred by the failure of Plaintiff to commence the action within the time required by section 945.6 of the Government Code.

///

XII

The action is barred by the statute of limitations (including but not limited to section 340 of the Code of Civil Procedure).

XIII

The action is barred by Plaintiff's failure to exhaust administrative remedies, including but not limited to internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over Plaintiff's claims.

WHEREFORE, Defendant prays as follows:

1. That the action be dismissed with prejudice;
2. That Plaintiff takes nothing by his action;
3. That Defendant recovers his costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems proper and just.

DATED: July 28, 2008          JOHN J. SANSONE, County Counsel

s/DAVID BRODIE,
By DAVID BRODIE, Senior Deputy
Attorneys for Defendant Deputy William Latimer
E-mail: david.brodie@sdcounty.ca.gov

## PROOF OF SERVICE BY MAIL

**[Christopher Charles Alexander Clack v. San Diego County Sheriff's Department, et al.; United States District Court Case No. 08cv0624 IEG(RBB)]**

I, ROSANNA LONERO declare that: I am over the age of eighteen years and not a party to the case; I am employed in the County of San Diego, California where the mailing occurs; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I served the following document(s): **Defendant Deputy William Latimer's Answer to Plaintiff's Complaint** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Christopher Charles Alexander Clack
CDC #F-98816
Calpatria State Prison
Post Office Box 5008
Calpatria, California  92233

I then sealed each envelope and, with the postage thereon fully prepaid, I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2008 at San Diego, California.

_____
ROSANNA LONERO