UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHARLES ALEXANDER CLACK,<br><br>               Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFFS DEPARTMENT; DEPUTY LATIMER #3275; DEPUTY HOENIG #2840,<br><br>               Defendants. | Civil No. 08cv0624 IEG (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 21]** |

    Plaintiff Christopher Clack, a state prisoner proceeding pro se and in forma pauperis, filed a civil rights Complaint under 42 U.S.C. § 1983 on April 4, 2008 [doc. no. 1]. He alleged that his constitutional right to be free from cruel and unusual punishment, right to freedom of association, and his right to medical care were violated while he was in custody. (Compl. 3-5.) Several months later, Plaintiff submitted this Motion for Appointment of Counsel [doc. no. 21], which was filed nunc pro tunc to January 22, 2009.

    In support of his request for appointment of counsel, Clack asserts the following: (1) He is unable to afford an attorney; (2)

the issues in his case are complex and will require research and investigation which will be difficult for him to perform;(3) a trial in his case will likely involve conflicting testimony; and (4) he has attempted but failed to secure counsel.  (Mot. for Appointment of Counsel 1-3.)

28 U.S.C. § 1915(e)(1) provides:  "The court may request an attorney to represent any person unable to afford counsel."  28 U.S.C.A. § 1915(e)(1) (West 2009).  Yet, "it is well-established that there is generally no constitutional right to counsel in civil cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994).  There is also no constitutional right to appointed counsel to pursue a § 1983 claim.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998).  Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989)(discussing § 1915(d); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989).

> A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."

Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1332).

## I. Likelihood of Plaintiff's Success on the Merits

To receive court-appointed counsel, Clack must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331. Plaintiff's Complaint purports to state three causes of action arising under the Constitution: freedom from cruel and unusual punishment, deliberate indifference to right to medical care, and interference with his right to free association. (Compl. 3-5.) In the Complaint, Plaintiff asserts that on March 29, 2007, Defendant Latimer threw Clack's body and head to the floor until his chin was "split to the bone." (Id. at 3.) Refusing to provide the Plaintiff medical care, Defendant Latimer placed Clack in a cell to suffer until the next shift of deputies found Plaintiff and took him to the emergency room. (Id. at 4.) Plaintiff also alleges that Defendant Hoening aided Defendant Latimer and prevented other inmates from assisting Clack, which violated his right to free association. (Id. at 5)

A plaintiff claiming excessive force under the Eighth Amendment must "allege . . . the unnecessary and wanton infliction of pain . . . ." Whitley v. Albers, 475 U.S. 312, 320 (1986).

08cv0624 IEG(RBB)

1  Plaintiff "is required to allege overt acts with some degree of
2  particularity such that his claim is set forth clearly enough to
3  give defendants fair notice of the type of claim being pursued."
4  <u>Ortez v. Wash. County</u>, 88 F.3d 804, 810 (9th Cir. 1996) (citing
5  <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d at 649).  "A prison
6  official may be liable for failure to protect an inmate from a use
7  of excessive force if he is deliberately indifferent to a
8  substantial risk of serious harm to an inmate."  <u>Estate of Davis v.</u>
9  <u>Delo</u>, 115 F.3d 1388, 1395 (8th Cir. 1997) (citations omitted); <u>see</u>
10 <u>also</u> <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289-90 (9th Cir. 2000).
11      Two elements comprise an Eighth Amendment claim for deliberate
12 indifference to serious medical needs.  <u>Jett v. Penner</u>, 439 F.3d
13 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97,
14 104 (1976)).  "First, the plaintiff must show a 'serious medical
15 need' by demonstrating that 'failure to treat a prisoner's
16 condition could result in further significant injury or the
17 "unnecessary and wanton infliction of pain."'  <u>Id.</u> (citations
18 omitted).  "Second, the plaintiff must show the defendant's
19 response to the need was deliberately indifferent."  <u>Id.</u> (citations
20 omitted).  The second prong, "is satisfied by showing (a) a
21 purposeful act or failure to respond to a prisoner's pain or
22 possible medical need and (b) harm caused by the indifference."
23 <u>Id.</u> (citations omitted).
24      Although Plaintiff's allegations are sufficient to state a
25 claim for relief, it is too early for the Court to determine
26 Clack's likelihood of success on the merits.  Without additional
27 factual information, the Court cannot conclude that Plaintiff is
28

likely to succeed. See Bailey, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

## II. Plaintiff's Ability To Proceed Without Counsel

To be entitled to appointed counsel, Clack must also show he is unable to effectively litigate the case pro se in light of the complexity of the issues involved. See Wilborn, 789 F.2d at 1331.

Courts have required that "indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." Bailey v. Lawford, 835 F. Supp. at 552. Plaintiff has contacted at least four attorneys in an attempt to secure counsel. (Mot. for Appointment of Counsel 2.) He has made a reasonably diligent effort to secure counsel prior to petitioning for appointment of counsel.

Clack claims he is unable to afford outside legal counsel. (Id. at 1-3.) This argument is not compelling because indigence alone does not entitle a plaintiff to appointed counsel. Plaintiff further asserts that his placement in Centinela State Prison's D yard burdens his ability to adequately conduct research and prepare his case. (Id. at 2.) He claims there is no law library in his particular yard, so his placement limits his access to legal materials necessary to pursue the case himself. (Id. at 2.) Based on these facts, Plaintiff requests a court-appointed attorney. (Id. at 1-2.)

Although Clack asserts that his access to legal materials is limited, he has not presented any facts demonstrating that he is being denied "reasonable" access. See Lindquist v. Idaho State Bd. of Corrs., 776 F.2d 851, 858 (9th Cir. 1985). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library.

1  Prison officials of necessity must regulate the time, manner, and
2  place in which library facilities are used." Id.  Plaintiff has
3  not shown that he is denied reasonable access to a law library or
4  other means of conducting legal research, or that he is subjected
5  to burdens beyond those ordinarily experienced by pro se
6  plaintiffs.
7     Plaintiff's Complaint is adequate in form.  Clack was also
8  able to file an Motion for Appointment of Counsel, suggesting at
9  least some ability to navigate the legal process.  See Plummer v.
10 Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (finding the district
11 court did not abuse its discretion in denying plaintiff counsel, in
12 part because plaintiff adequately filed a complaint and other pre-
13 trial materials).
14    "[A]ny pro se litigant certainly would be better served with
15 the assistance of counsel." Rand, 113 F.3d at 1525; see also
16 Wilborn, 789 F.2d at 1331 (explaining, "a pro se litigant will
17 seldom be in a position to investigate easily the facts necessary
18 to support the case[]").  But Plaintiff is only entitled to
19 appointed counsel if he can show "that because of the complexity of
20 the claims he [is] unable to articulate his positions." Rand, 113
21 F.3d at 1525.  Clack has shown nothing in the record which makes
22 this case "exceptional" or the issues in it particularly complex.
23    Additionally, factual disputes and anticipated cross-
24 examination of witnesses do not indicate the presence of complex
25 legal issues warranting a finding of exceptional circumstances.
26 See Rand, 113 F.3d at 1525 (holding that while the appellant might
27 have fared better with counsel during discovery and in securing
28 expert testimony, "this is not the test[]").  The "exceptional

1 | circumstances" required for appointment of counsel pursuant to 28
2 | U.S.C. § 1915(e)(1) are absent.
3 |     Because Plaintiff has failed to demonstrate either a
4 | likelihood of success on the merits of his claims or an inability
5 | to represent himself (beyond the ordinary burdens encountered by
6 | prisoners representing themselves pro se), Plaintiff's motion is
7 | **DENIED** without prejudice.
8 |     **IT IS SO ORDERED.**

Dated: February 18, 2009

_____
Ruben B. Brooks
United States Magistrate Judge

cc: Judge Gonzalez
    All Parties of Record