# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CHARLES ALEXANDER CLACK, CDCR # F-98816,

Plaintiff,

vs.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DEPUTY LATIMER #3275; DEPUTY HOENIG #2840,

Defendants.

Civil No. 08-0624 IEG (RBB)

**ORDER CONTINUING HEARING DATE RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(f)(2)**

Christopher Charles Alexander Clack ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison, is proceeding pro se and *in forma pauperis* with a civil rights action filed pursuant to 42 U.S.C. § 1983.

## I. Procedural Background

On April 22, 2009, the County of San Diego County (erroneously sued as San Diego County Sheriff's Department) and San Diego County Sheriff's Deputy Latimer ("Defendants") filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 [Doc. No. 28]. On April 24, 2009, the Court provided Plaintiff with written notice of the requirements for opposing

Defendants' Motion for Summary Judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) [Doc. No. 29]. On June 1, 2009, Plaintiff filed his Opposition [Doc. No. 35], however, in his Opposition, Plaintiff "asks the Court to deny Defendants' Motion based on incomplete discovery." (Pl.s' Opp'n at 10.) Specifically, Plaintiff claims he is entitled to have Defendants answer certain interrogatories, and that summary judgment should be delayed until a "Motion for Order to Answer Interrogatory" he filed on April 30, 2009 [Doc. No. 31], is ruled upon.

## II. FED.R.CIV.P. 56(f) Discussion

Federal Rule of Civil Procedure 56(f) provides that:

> If a party opposition the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

FED.R.CIV.P. 56(f).

Rule 56(f) permits the court to postpone ruling on a summary judgment motion where the non-moving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" *Jones v. Blanas*, 398 F.3d 918, 930 (9th Cir. 2004) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 599 n. 20 (1998) (internal quotation omitted)). Rule 56(f) "protects parties from a premature grant of summary judgment." *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001); 10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2740 (3d ed. 1998); *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1467 (9th Cir. 1985).

Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. *Jones*, 398 F.3d at 930 (citing *Klingele*, 849 F.2d at 412; *Harris v. Pate*, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence)). Summary judgment in the face of requests for additional

discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. *Klingele*, 849 F.2d at 412; *Jones*, 398 F.3d at 930.

Generalized "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). Rule 56(f) instead requires litigants to submit affidavits setting forth the particular facts expected from further discovery. *Id.* However, the Court must also be cognizant that summary judgment motions require a pro se prisoner "to confront a myriad of challenges." *Rand*, 154 F.3d at 957; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (pro se litigants generally deserve leniency in their compliance with the technical rules of civil procedure); *Jones*, 393 F.3d at 930 (finding district court abused its discretion in refusing to postpone ruling on summary judgment where pro se detainee's discovery requests could have produced evidence substantiating his claim).

Here, while Plaintiff includes his request in the text of his Opposition to Defendant's Motion for Summary Judgment [Doc. No. 35], he claims, and the docket in this case confirms, that there are outstanding discovery issues which should be addressed before summary judgment is considered. While Defendants, in Opposition to Plaintiff's request to compel discovery contend he is not entitled to the discovery he seeks, *see* Defs.' Response in Opp'n re Motion for Order for Discovery [Doc. No. 32], Magistrate Judge Brooks has not yet had the opportunity to rule on the matter.

Thus, the Court finds that Plaintiff's Opposition to summary judgment, which is verified under penalty of perjury, as well as his Motion for Order to Answer Interrogatory are not "fruitless" and are adequate to show he may be entitled to further discovery that may be essential to Plaintiff's ability to "present facts essential to justify [his] opposition." FED.R.CIV.P. 56(f); *Klingele*, 849 F.2d at 412; *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (noting that district court should either deny or continue a summary judgment motion upon a "good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment.").

///

To this end, and under the circumstances of this case, the Court finds it appropriate to exercise its discretion to grant Plaintiff an extension of time in which to supplement his Opposition to Defendants' Motion for Summary Judgment based on the discovery request he is currently undertaking. *See* FED.R.CIV.P. 56(f)(2); *Jones*, 393 F.3d at 930.

**III. Conclusion and Order**

Accordingly, the Court **GRANTS** Plaintiff an extension of time pursuant to FED.R.CIV.P. 56(f)(2) to supplement his opposition to Defendants' Summary Judgment with any discovery to which he may be entitled, but which is currently subject of his April 30, 2009 Motion.

As a result, the Court hereby re-sets Defendants' Motion for Summary Judgment [Doc. No. 28] for hearing on Monday, **July 27, 2009.**[1] If Plaintiff's Request for discovery is granted, Plaintiff may file a Supplemental Opposition to Defendants' Motion for Summary Judgment (including any supporting documents) and serve it on Defendants on or before Monday, **July 15, 2009**. If Defendants wish, they may file a supplemental Reply in response and serve it on Plaintiff no later than by Monday, **July 20, 2009.**

**IT IS SO ORDERED.**

**DATED: June 3, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] As previously noted in this Court's April 24, 2009 Order, at the time appointed for hearing, the Court will, in its discretion, consider Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 as submitted on the papers, and will issue its written opinion soon thereafter. *See* S. D. CAL. CIVLR 7.1(d)(1). Thus, unless otherwise ordered, no appearances are required and no oral argument will be heard on July 27, 2009.