UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHARLES ALEXANDER CLACK,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAN DIEGO COUNTY SHERIFFS DEPARTMENT; DEPUTY LATIMER #3275; DEPUTY HOENIG #2840,<br><br>          Defendants. | No. 08-CV-0624-IEG (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>[Doc. No. 50] |

Presently before the Court is Defendant Deputy William Latimer's ("Deputy Latimer") motion to dismiss Plaintiff's Complaint for failure to prosecute. (Doc. No. 50.) Plaintiff did not file an opposition. The Court finds the motion appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d). For the reasons stated herein, the Court **GRANTS** the motion to dismiss.

## **BACKGROUND**

On April 4, 2008, Plaintiff Christopher Charles Alexander Clack ("Plaintiff"), proceeding in pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff claims the San Diego County Sheriffs Department and two of its deputies violated his Eighth Amendment rights at the San Diego Central Jail.

On April 22, 2009, Defendant County of San Diego and Defendant Deputy Latimer filed a

motion for summary judgment. (Doc. No. 28.) On August 31, 2009, the Court granted Deputy Latimer's motion for summary judgment as to Plaintiff's inadequate medical care claims and denied the motion as to the excessive force claims.[1] (Doc. No. 41.)  At some point Plaintiff was released from custody, and on August 31, 2009, Plaintiff filed a notice of change of address, indicating he had moved from Imperial, California to Oklahoma City, Oklahoma. (Doc. No. 42.)

Subsequently, Plaintiff failed to appear telephonically at the Mandatory Settlement Conference on September 22, 2009 before Magistrate Judge Ruben B. Brooks. The Court issued an Order to Show Cause, requiring Plaintiff by October 6, 2009 to file a declaration explaining the failure to appear. (Doc. No. 45.) To date, Plaintiff has not filed a declaration. According to Deputy Latimer, defense counsel sent a letter to Plaintiff's new address in Oklahoma asking Plaintiff to contact defense counsel's office. Plaintiff has not responded to the letter, nor has there been any correspondence from Plaintiff since the notice of change of address. (Decla. of David Brodie ISO Def.'s Motion to Dismiss. ¶¶ 2-3.)

On October 8, 2009, Deputy Latimer filed the instant motion to dismiss for failure to prosecute. (Doc. No. 50.)

**DISCUSSION**

I.  Legal Standard

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of the action if "the plaintiff fails to prosecute or comply with" the Rules. Fed. R. Civ. P. 41(b) (2009). Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits. Id.

"[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Before ordering such a sanction, the Court must evaluate five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

---

[1] In the same order, the Court granted the motion for summary judgment as to Defendant County of San Diego. The Court also dismissed the claims against Defendant Deputy Hoening for insufficient service, lack of personal jurisdiction

II.     Analysis

The Court addresses each of these five factors in turn.  The first factor, the public interest in expeditious resolution of litigation, weighs in favor of dismissing the case because Plaintiff has failed to pursue the case for two months.  Plaintiff failed to attend the Mandatory Settlement Conference on September 22, 2009 and has not responded to the Court's Order to Show Cause.  Moreover, Plaintiff did not file an opposition to the motion to dismiss.

The second factor, the Court's need to manage its docket, weighs in favor of dismissal.  In ruling on the defendants' motion for summary judgment and preparing for the Mandatory Settlement Conference, the Court has already expended a considerable amount of time and resources.

The third factor, prejudice to defendant Deputy Latimer, weighs in favor of dismissal.  A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.  Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002).  Here, Plaintiff did not file an opposition to the motion to dismiss or otherwise provide an explanation for his failure to prosecute.  See Nealy v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980) ("[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice.").  Therefore, Plaintiff has not overcome the presumption of prejudice.

As to the fourth factor, there are no lesser sanctions available other than dismissal.  Plaintiff did not request an extension of time in order to file an opposition to the motion to dismiss.

The fifth factor, the public policy favoring disposition on the merits, strongly weighs against dismissal.  Balancing the factors, the Court finds four factors weigh in favor of dismissal, while one factor weighs against.

//
//
//

---

and for failing to state a claim upon which § 1983 relief can be granted.

## CONCLUSION

Accordingly, the Court **GRANTS** Deputy Latimer's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: November 25, 2009

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**